## EDWARD DODD *vs.* WILLIAM COOK.

A bill in equity lies against a person who has fraudulently procured conveyances to himself of the plaintiff's land, and afterwards mortgaged it to third persons without notice.

BILL IN EQUITY, in which the plaintiff alleged that he was aged and infirm, unable to read and write, and unaccustomed to the transaction of business; that the defendant, his brother in law, obtained from him authority to collect his rents and take charge of his property ; and some time afterwards, with intention to defraud the plaintiff, plied him with intoxicating liquors, and brought him, while thus intoxicated, a document to sign, fraudulently representing it to be a power to collect rents and manage his property ; that this document was not read to the plaintiff, nor was he informed of its true contents, and that he signed it with his mark, relying entirely upon said representation; that he is now informed that it was a deed of conveyance of his whole estate to the defendant, for the nominal consideration of one hundred dollars; that the consideration was entirely nominal, that nothing was ever paid or agreed to be paid by the defendant for the land, and that the defendant never agreed to buy, and the plaintiff never agreed to sell or convey the land to him, or had any conversation or thought about such sale ; that the defendant now assumed to own the entire estate conveyed in said deed, and had incumbered it with two mortgages (described in the bill) entirely without the consent, knowledge or acquiescence of the plaintiff, and was about to convey away the whole estate, as the plaintiff feared and had reason to believe

The bill prayed that the defendant might be restrained from further mortgaging, incumbering or conveying the land, or exercising any act of ownership over it; that the deed to the defendant might be given up and cancelled; and for further relief.

The defendant demurred, because the plaintiff had a full, adequate and complete remedy at law.

*C. I. Reed,* for the defendant, cited *Thayer* v. *Smith,* 9 Met

469; *Woodman* v. *Saltonstall*, 7 Cush. 182; *Somes* v. *Skinner* 16 Mass. 348.

*E. H. Bennett*, for the plaintiff, cited *Colt* v. *Woollaston*, 2 P W. 154; *Gainsborough* v. *Gifford*, 2 P. W. 424; *Peake* v. *Highfield*, 1 Russ. 559, & notes; *Blackwood* v. *Gregg*, Hayes & Jones, 310; *St.* 1857, *c.* 214.

BIGELOW, J.   It is very clear that an action at law would not furnish an adequate and complete remedy to the plaintiff to redress the grievance set out in the bill. If he brought an action to recover the land, he could obtain by a judgment against the defendant only a title to the premises, subject to the two mortgages with which the defendant has incumbered the estate. These mortgages are not alleged to be fraudulent. They are held by persons who took them *bona fide* from the defendant, in whom the record title to the fee of the estate stands. But the defendant is also liable to the plaintiff for the amount of these incumbrances which he has wrongfully and fraudulently put upon the estate. This amount the plaintiff has a right to recover of the defendant, as damages. Equity will give him a remedy for the land and damages both in one suit, which the law is inadequate to give.                    *Demurrer overruled.*